```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
UNITED STATES OF AMERICA,

        -against-                     MEMORANDUM & ORDER
                                      18-CR-0678 (JS)(AYS)
ALEXIS LAGUERRA,

            Defendant.
---------------------------------X
APPEARANCES
For United States:  Charles Kelly, Esq.
                    United States Attorney's Office
                    610 Federal Plaza
                    Central Islip, New York 11722

For Defendant:      Alexis Laguerra, pro se[1]
```

SEYBERT, District Judge:

Defendant Alexis Laguerra ("Defendant") seeks a reduction of his sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). (Mot., ECF No. 118.) The Government opposes the motion. (Gov't Opp'n, ECF No. 120.) For the reasons that follow, Defendant's request for compassionate release is DENIED.

BACKGROUND

Defendant was arrested on December 18, 2018 in connection with his participation in the robbery of approximately $500,000 from an armored car owned by his employer. (Presentence Investigation Report ("PSR"), ECF No. 70, ¶¶ 4, 8-16.) Defendant was charged with one count of bank larceny in violation of

---

[1] Although Defendant has been represented by counsel throughout this case, the motion for compassionate release that is the subject of this Memorandum & Order was filed by Defendant pro se.

18 U.S.C. 2113(b) (Count One) and one count of conspiracy to obstruct justice in violation of 18 U.S.C. § 1512(k) (Count Two). (Indictment, ECF No. 3.) On April 12, 2019, Defendant pled guilty to Count One before Magistrate Judge Anne Shields, who recommended that Defendant's plea be accepted. (See April 12, 2019 Min. Entry, ECF No. 47.) Judge Sandra Feuerstein accepted Defendant's guilty plea on April 24, 2019.[2]

For Defendant's crime of conviction, the Sentencing Guidelines provided for a range of 30 to 37 months imprisonment and one to three years supervised release. (PSR ¶¶ 81, 83.) On February 19, 2020, Judge Feuerstein sentenced Defendant to thirty months of imprisonment with two years of supervised release. (See Feb. 19, 2020 Min. Entry, ECF No. 100.) The remaining open Count against Defendant was dismissed upon the Government's motion. (Id.)

Defendant is almost thirty-four years old and has served approximately 20 months towards his sentence. (See Mot. at 4; Gov't Opp'n at 2.) He is currently serving his sentence at the Metropolitan Detention Center ("MDC") Brooklyn and is projected to be released on July 12, 2022. See Find an Inmate, BOP, https://www.bop.gov/inmateloc/index.jsp (last visited January 12,

---

[2] This case was reassigned to the undersigned on April 20, 2021.

2

2022). However, Defendant states that he will be released to the "Brooklyn Halfway House" on March 15, 2022. (Def. Reply at 1.)

Defendant now moves for a reduction of his sentence for three reasons: (1) his obesity and asthma render him vulnerable to contracting COVID-19 while incarcerated; (2) his wife and children are homeless and he must work to financially provide for them; and (3) his need to assist caring for his ill father. (See generally Mot.; Def. Reply.) If released, Defendant intends to live with Santos Lopez, a family member, in Brooklyn. (Mot. at 5.)

## DISCUSSION

I. Legal Standard

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." United States v. Rabuffo, No. 16-CR-0148, 2020 WL 2523053, at *1 (E.D.N.Y. May 14, 2020) (quoting United States v. Gotti, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020)). Pursuant to Section 3582(c)(1)(A), a district court is authorized to grant compassionate release when "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c). District courts may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d. Cir. 2020). A defendant "bears the burden of showing

3

that his release is justified." United States v. Patterson, No. 06-CR-0080, 2020 WL 3451542, at *1 (S.D.N.Y. June 23, 2020).

The Second Circuit has recently articulated new guidance for district courts to consider when resolving motions for compassionate release:

> [T]here are three requirements that must be satisfied before a court can grant such relief. First, absent waiver or forfeiture by the government, an inmate must exhaust administrative remedies by requesting such relief from prison authorities. Specifically, an inmate may ask the sentencing court to consider reducing a sentence only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Saladino, 7 F.4th 120, 124 (2d Cir. 2021) (holding that the government may waive or forfeit the exhaustion requirement). Second, a court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); see Jones, 17 F.4th at 374-75. Section 3553(a), in turn, lists numerous factors a court must review when imposing a sentence. These include, as most relevant here, "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "the need for the sentence imposed . . . to provide the defendant with . . . correctional treatment in the most effective manner"; and "the need to avoid unwarranted sentence disparities among

4

> defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). Third, the inmate must demonstrate that his proffered circumstances are indeed "extraordinary and compelling" such that, in light of these § 3553(a) factors, a sentence reduction is justified under § 3582(c)(1)(A) and would not simply constitute second-guessing of the sentence previously imposed.

See United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021). Due to each of these three requirements being mandatory, "a district court may therefore deny a motion for sentence reduction if a defendant fails to satisfy any one of them." United States v. Johnson, No. 21-241-CR, 2022 WL 102075, at *2 (2d Cir. Jan. 11, 2022)(citing United States v. Jones, 17 F.4th 371, 374 (2d Cir. 2021)).

II. Analysis

    A.    Administrative Exhaustion

The parties do not dispute that Defendant exhausted his administrative remedies. (See Gov't Opp'n at 3 ("[T]he government agrees that . . . [Defendant] has satisfied the administrative exhaustion requirement . . . .").)

    B.    Extraordinary and Compelling Reasons

In support of his motion for compassionate release, Defendant argues that there are three extraordinary and compelling reasons which justify granting him relief: (1) his vulnerability to COVID-19; (2) his need to financially provide for his family;

5

and (3) his need to be a caregiver for his father. (See generally Mot.; Def. Reply.) The Court finds each of these bases unavailing.

As to Defendant's health, the Government submitted Defendant's medical records from the Bureau of Prisons. (See generally Medical Records, ECF No. 123-1.) Having reviewed the medical records, the Court notes that Defendant's asthma condition has been treated and appears to be well-managed during his incarceration. (See id. at 2 (noting Defendant "hasn't had an [asthma] flare in the whole time he's been here").) Next, regarding Defendant's weight, the medical records further indicate that Defendant was regularly exercising, eating fewer carbohydrates, and even losing weight while incarcerated. (Id.) Although the Court is aware that certain comorbidities impact an individual's vulnerability or susceptibility to COVID-19, Defendant's mild asthma and obesity, which are well-managed and under control, coupled with his relatively young age, do not rise to the requisite level of an "extraordinary and compelling" reason to justify release. See United States v. Newton, No. 18-CR-0022, 2020 WL 6784267, at *6 (D. Conn. Nov. 18, 2020) (holding that the defendant's mild obesity and controlled asthma did not establish "extraordinary and compelling reasons for his release, particularly in view of ... his [young] age). In addition, Defendant received both doses of the Pfizer vaccine on March 30 and April 20, 2021. (See Medical Records at 43.) "Courts have

6

consistently denied compassionate release when the defendant is fully vaccinated, even when other health conditions are present." See United States v. Farmer, No. 19-CR-0427, 2022 WL 47517, at *3 (S.D.N.Y. Jan. 5, 2022) (citing United States v. Johnson, No. 94-CR-631, 2021 WL 640054, at *5 (S.D.N.Y. Feb. 18, 2021)). The Court will not depart from that line of cases here.

Although admirable, Defendant's desire to take care of and provide for his wife, children, and aging father is not an extraordinary and compelling reason for compassionate release either. It is truly unfortunate that Defendant's family is struggling and that his incarceration "has placed that burden on [them]; but that does not constitute an extraordinary and compelling reason to shorten his otherwise justly deserved sentence." United States v. John, No. 15-CR-208, 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020); see id. ("Although, the Court has been freed by Brooker to consider the myriad of family circumstances that might warrant granting compassionate release, § 3582(c)(1)(A)(i) still only authorizes release where the family circumstances are truly 'extraordinary and compelling,' and not merely the inevitable circumstances families face when a family member is incarcerated. Being separated from your wife and children and unavailable to care for aging parents are but two of the sad and inevitable consequences of incarceration.").

7

Accordingly, the Court does not find that Defendant has met his burden to demonstrate that extraordinary and compelling reasons exist to warrant a reduction in his sentence. In light of this determination, the Court need not consider whether the Section 3553(a) factors weigh for or against releasing Defendant. See Keitt, 21 F.4th at 73 ("[A] court may reduce a sentence under § 3582(c)(1)(A) only if three conditions are in place: administrative exhaustion (absent waiver or forfeiture by the government); satisfaction of the § 3553(a) factors; and extraordinary and compelling reasons. It follows that if a district court determines that one of those conditions is lacking, it need not address the remaining ones."). Therefore, Defendant's motion for compassionate release is DENIED.

## CONCLUSION

For the stated reasons, **IT IS HEREBY ORDERED that** Defendant's motion for compassionate release (ECF No. 118) is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January 19, 2022
      Central Islip, New York